IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIC ALLEN CORDELL, EG-3803,       )
    Petitioner,                    )
                                   )
    v.                             )   Civil Action No.  05-1205
                                   )
SUPERINTENDENT WAKEFIELD, et al.,  )
    Respondents.                   )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Eric Allen Cordell for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied for lack of a viable constitutional issue.

II. Report:

Eric Allen Cordell, an inmate at the State Correctional Institution at Greensburg, has presented a petition for a writ of habeas corpus.[1] In an Order entered on October 3, 2005, the respondents and the Attorney General of Pennsylvania were directed to answer and show cause, if any, why the relief sought should not be granted.

Cordell is presently serving a five to ten year sentence imposed following his conviction, by a jury, of aggravated indecent assault and incest in the Court of Common Pleas of Franklin

---

[1] This petition was originally filed in the United States District Court for the Middle District of Pennsylvania and transferred to this Court as the petitioner is incarcerated in this District.

County, Pennsylvania. This sentence was imposed on March 17, 1995.[2] However, it is not the conviction about which he complains here but rather the failure of Pennsylvania Board of Probation and Parole to grant his request for release on parole on February 15, 2005, by imposing the amendments to the parole guidelines which he contends are ex post facto has to him. Specifically, on February 15, 2005, the parole board rendered the following decision:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act of 1941, as amended, 61 P.S. §331.1 et seq., the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: your best interest do not justify or require you being paroled/reparoled; and, the interests of the Commonwealth will be injured if you were paroled/reparoled. Therefore, you are refused parole/ reparole at this time. The reasons for the Board's decision include the following:
>
> Your version of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> The recommendation made by the Department of Corrections.
>
> Reports, evaluations and assessments concerning your physical, mental and behavior condition and history.
>
> Your need to participate in and complete additional institutional programs.
>
> Your interview with the hearing examiner and/or board members.
>
> You will serve your unexpired maximum sentence, 05-05-2010, or to be reviewed earlier, if recommended...[3]

In his petition, Cordell concedes that he has not raised this issue in the courts of the Commonwealth.[4] In so responding, the petitioner does not take into account the remedies which

---

[2] See: Petition at ¶¶ 1-6.

[3] See: Exhibit 1B to the answer.

[4] See: Petition at ¶ 13.

are available to challenge parole determinations. <u>Cimaszewski v. Bd. of Probation and Parole</u>, 868 A. 2d, 416 (Pa.2005); <u>Coady v. Vaughn</u>, 770 A.2d 287 (Pa. 2001).

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Doctor v. Walters</u>, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. <u>Preiser v. Rodriguez</u>, <u>supra</u>.; <u>Walker v. Vaughn</u>, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. <u>Carter v. Vaughn</u>, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions

is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, there were no barriers to the petitioner first seeking relief in the courts of the Commonwealth, nor is a showing made that requiring him to seek that relief would be an exercise in futility. Thus, the petitioner has failed to exhaust the available state court remedies and his petition here would be subject to dismissal if those remedies still remained available to him. Assuming without deciding whether or not those remedies still exist, in Coleman v.Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

There being no demonstration of a fundamental miscarriage of justice, the claim would appear to be likewise procedurally defaulted.

Accordingly, it is recommended that the petition of Eric Allen Cordell for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for lack of a viable constitutional issue.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                    Respectfully submitted,

                                                    s/Robert C. Mitchell,

Dated: October 31, 2005                         United States Magistrate Judge